Roger W. Hale
vs. } No. 92863.
E. Pulver Cook, Inc.

February 14, 1935.

POULIOT, J. After a jury returned a verdict for the plaintiff in the sum of $975, the defendant filed a motion for a new trial on the usual grounds, and this motion is now before the Court.

On March 29, 1933, defendant engaged the services of the plaintiff, and, by its letter marked Plaintiff's Exhibit 1, confirmed the conversations leading up to the engagement. The agreement was for the period of one year and provided for compensation by commission.

In June this arrangement was changed, The plaintiff claims that he was to be paid a weekly wage of $50, was to receive $15 weekly for expenses, and a 2% commission on all sales. The defendant agrees that that was the arrangement.

The disputed point is as to the duration of time of the new arrangement. The plaintiff claims the remaining provisions of the March 29th agreement were to remain in force, and that the modified agreement was to continue for the balance of the contract year, that is, to March 29, 1934. The defendant denies the modified arrangement was a continuation of the original agreement. It claims that in June a new agreement was made by the terms of which the new arrangement was to be on a trial basis, to be discontinued at the option of the defendant, and that it was agreed the contract of March 29th, 1933, was to be torn up.

We therefore have here a disputed question of fact for the determination of which we have a jury and it is not within the province of the Court to substitute its own judgment for that of the jury if there is any reasonable basis for the jury's finding. In this case, there is ample credible evidence which would justify a jury finding for either party, and, it having resolved the question in favor of one party, its decision can not be overturned.

The plaintiff claims wages unpaid from October 29, 1933, to March 28, 1934, a period of 21½ weeks, the sum of $1075, also commissions of $204 on $10,200 worth of merchandise sold, a total of $1279. The jury evidently disregarded his claim for commissions, or at least set-off whatever commissions he had earned against a debt of $95.05 which the plaintiff owed the defendant on October 31, 1933.

It therefore took into consideration the claim for wages only, that is $1075, and properly deducted from this amount the sum of $100 which the defendant had paid the plaintiff as a

two weeks' advance when it discharged him on October 28, 1933.

The verdict does substantial justice between the parties and should stand.

Defendant's motion for a new trial is therefore denied.

For plaintiff: Atwood, Remington, Thomas & Levy.

For defendant: Joseph E. Fitzpatrick, M. Newton.